JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 17-4438-DSF (PLAx) |
|---|---|
| Plaintiff, | |
| v. | **FINAL JUDGMENT OF FORFEITURE** |
| CERTAIN RIGHTS TO AND INTERESTS IN THE VICEROY HOTEL GROUP, | |
| Defendant. | |

Upon consideration of the Unopposed Application for Entry of Final Judgment of Forfeiture (the "Application") filed by Plaintiff United States of America (the "Government") seeking entry of a Final Judgment of Forfeiture, for good cause the Court hereby finds and orders as follows:

**FINDINGS**

A.   On June 15, 2017, the Government initiated this civil forfeiture action (the "Viceroy Action") alleging that certain rights to and interests in the Viceroy Hotel Group which are more fully described in Attachment A to the Government's Verified Complaint for Forfeiture *In Rem* (the "Defendant Asset") is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) [Dkt. No. 1-1].

    B.    The Government gave and published notice of the Viceroy Action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Federal Rules of Civil Procedure and the Local Rules of this Court.

    C.    On October 11, 2017, JW Hospitality (VHG Intl) Ltd. and JW Hospitality (VHG US) LLC (collectively "JW Hospitality") filed a claim to the Defendant Asset (Dkt. No. 26).

    D.    On November 4, 2019, the Court entered a Consent Judgment of Forfeiture ("Consent Judgment") in the Viceroy Action as to JW Hospitality, pursuant to a stipulated request by the Government and JW Hospitality. The Consent Judgment disposed of JW Hospitality's claim to the Defendant Asset in its entirety. (Dkt. No. 97).

    E.    On April 30, 2020, the Government and potential claimant Mamoura Diversified Global Holding PJSC *f/k/a* Mubadala Development Company PJSC ("Mamoura") jointly filed a Stipulation and Request for Order Authorizing Interlocutory Sale of Defendant Asset (the "Interlocutory Sale Stipulation") in the Viceroy Action (Dkt. No. 129). The Court had previously granted the Government's and Mamoura's jointly-filed Stipulation to extend the time for Mamoura to file a claim to May 4, 2020. (Dkt. No. 128).

    F.    On April 30, 2020, the Court entered an Order Authorizing Interlocutory Sale of Defendant Asset in the Viceroy Action (the "Interlocutory Sale Order"), pursuant to which the Court: (i) found that an interlocutory sale of the Defendant Asset was necessary to prevent the risk of further diminishment in the value thereof posed by the ongoing Viceroy Action; (ii) found that the Defendant Asset should be sold via an interlocutory sale, with the proceeds of such

sale substituted as the defendant *res* in the Viceroy Action; (iii) found that the procedures set forth in 28 U.S.C. §§ 2001 and 2002, which statutes govern interlocutory sales of property pending forfeiture, were not reasonable, appropriate or likely to yield the highest price for the Defendant Asset; and (iv) approved the proposed interlocutory sale of the Defendant Asset to Mamoura's affiliates (collectively, the "Purchaser") for $3,200,000.00 (the "Sale") pursuant to the terms and procedures more specifically set forth in that certain Transfer of Interests Agreement attached to the Interlocutory Sale Stipulation (the "Sale Procedures") (Dkt. No. 131).

G. On May 15, 2020, the Government reported that $3,200,000.00 of Sale proceeds (the "Substitute *Res*") were deposited into the United States Marshal Service's Seized Asset Deposit Fund (the "SADF") (Dkt. No. 132).

H. Pursuant to paragraph 11 of the Interlocutory Sale Order, the Substitute *Res* currently remains in the SADF pending the resolution of the Viceroy Action.

I. No other claims to the Defendant Asset or Substitute *Res* were filed and the time for filing claims has expired.

J. No party has objected to the Application, the disbursement of the Substitute *Res*, or the closure and conclusion of the Viceroy Action.

K. The Court finds, based upon the Application and the record of these proceedings, the Government has demonstrated good cause to grant the Application and approve the relief sought therein.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Application is granted.

2. All rights, titles, and interests of JW Hospitality and all other potential claimants in and/or to the Substitute *Res* are hereby forfeited to the Government pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), the applicable Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the applicable Federal Rules of Civil Procedure, and the applicable Local Rules of this Court.

3. The United States Marshals Service shall dispose of the Substitute *Res* in accordance with applicable law, less any fees and costs unpaid related to the Sale.

4. If any or all of the provisions of this Final Judgment of Forfeiture are hereafter reversed, modified or vacated by a subsequent order and/or judgment of this Court or any other court, such reversal, modification or vacatur shall not affect the validity and enforceability of any transfer and sale contemplated hereby or obligation or right granted pursuant to the terms of this Final Judgment of Forfeiture (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur, shall be governed in all respects by this Court's prior orders approving the interlocutory sale.

5. The Viceroy Action is hereby completed and closed.

6. This Final Judgment of Forfeiture shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or

interpretation of this Final Judgment of Forfeiture, including but not limited to, any matter, claim or dispute arising from or relating to the Sale of the Defendant Asset to the Purchaser, the Substitute *Res* and/or the implementation of this Final Judgment of Forfeiture.

IT IS SO ORDERED.

DATED: May 31, 2022

*/s/ Dale S. Fischer*
HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE